**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JENNIFER COY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 25-cv-345-RAW-GLJ** |
| | ) | |
| **AMAZON LOGISTICS, INC., and** | ) | |
| **JOHN DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Before the Court is Defendant Amazon Logistics, Inc.'s Motion to Compel Plaintiff to Present for Deposition [Docket No. 25]. On November 12, 2025, the Court referred this case to the undersigned for all pretrial and discovery matters, including dispositive motions, in accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72 [Docket No. 14]. For the reasons stated below, Defendant Amazon Logistics, Inc.'s Motion to Compel Plaintiff to Present for Deposition [Docket No. 25] is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

This action arises from an accident that occurred on July 23, 2023 in Wagoner County, Oklahoma. After Plaintiff filed her amended petition in state court, Amazon removed the case from Wagoner County District Court to this Court. *See* Docket No. 2. In March 2026, Amazon's counsel requested deposition dates for Plaintiff to be completed before the April 2, 2026 discovery deadline. *See* Docket No. 25.

1

After receiving no proposed dates within the discovery period, on March 25, 2026, Amazon noticed Plaintiff's deposition for April 2, 2026, to be conducted at her attorney's office in Tulsa, Oklahoma. *Id*., Ex. 1 & Ex. 2. Amazon served Plaintiff's deposition notice by email. *Id*., Ex. 1 & Ex. 2. Plaintiff's attorney subsequently informed Amazon that neither he nor Plaintiff were available on the selected day and that they would not appear as noticed. *Id*. Even after receiving the deposition notice, however, Plaintiff took no action to seek a protective order. Amazon seeks to compel Plaintiff to appear for deposition and for its attorney's fees and costs of preparing the motion. *Id*. Plaintiff responds by arguing that Amazon's own lack of diligence is the root cause of her failure to appear for the deposition that was unilaterally scheduled by Amazon's counsel. *See* Docket No. 26.

## ANALYSIS

Federal Rule of Civil Procedure 30(b)(1) provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." This Court's local rules further provide that "reasonable notice to parties as contemplated by Fed. R. Civ. P. 30(b)(1) for the taking of depositions shall be 7 days" unless the Court enters an order "for cause" shortening the time. E.D. Okla. LCvR 30.1(a). "The notice must state the time and place of the deposition" and "the deponent's name and address." Fed. R. Civ. P. 30(b)(1). "The court . . . may, on motion, order sanctions if: . . . a person . . . fails, after being served *with proper notice*, to appear for that person's deposition. . . ." Fed. R. Civ. P. 37(d)(1)(A)(i) (emphasis added). Moreover, a party's failure to appear for deposition is "not excused on the ground that the discovery sought was objectionable,

2

unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

All notices must be served on every party to the case. Fed. R. Civ. P. 5(a)(1)(E). "A paper is served" under Rule 5(a)(1) by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing. . . ." Fed. R. Civ. P. 5(b)(1)(E).

Amazon represents that Plaintiff's deposition was properly noticed under Rule 30(b)(1) and that it conferred with Plaintiff's counsel in good faith prior to filing its motion to compel in compliance with Fed. R. Civ. P. 37(a) and E.D. Okla. LCvR 7.1(f). *See* Docket No. 25, p. 3. Plaintiff does not challenge the notice itself, instead denying that Amazon engaged in a meaningful meet and confer by alleging Amazon's counsel discussed seeking a sixty-day extension to the discovery deadline but did not do so before filing the motion to compel. *See* Docket No. 26, p. 2. Plaintiff also notes Amazon waited thirteen days after being told of Plaintiff and her counsel's lack of availability before the discovery deadline to notice the deposition and cites an Oklahoma Court of Civil Appeals decision regarding exercising professional courtesy and the preference of jointly agreed deposition dates. *Id*. (quoting *Paycom Payroll, LLC v. Boodoosingh*, 502 P. 3d 737, 744 (OK CIV APP 2021)).

First, it appears Amazon's counsel's conduct fails to fully meet the letter and spirit of the rules. This Court's local rules require that before filing a motion to compel, counsel must state in writing that it has "personally met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord." E.D. Okla.

3

LCvR 7.1(f).  Based on the limited information before it, the undersigned agrees that there appears to have been little in the way of a good faith and sincere attempt to resolve the matter.  Amazon's counsel was informed that neither Plaintiff nor her counsel were available for deposition before the discovery deadline but chose to wait thirteen days to issue a notice for an unavailable date rather than seek a short extension of time for the limited purpose of conducting Plaintiff's deposition.  Amazon was aware of such an option as it apparently raised a possible extension in the meet and confer with Plaintiff's counsel. The undersigned Magistrate Judge expects more than perfunctory performance of counsel's meet and confer obligations.

Second, Plaintiff's refusal to provide any available dates for deposition prior to discovery deadline was uncooperative.  Amazon requested deposition dates on March 12, 2026, yet Plaintiff's counsel offered none before April 2, 2026 by claiming he was moving offices on April 1 and had an April 20, 2026 trial scheduled. At minimum, Plaintiff's counsel's explanation of his unavailability leaves a lot of potential dates unaccounted for and is vague.  Moreover, given that Amazon's counsel had only recently entered the case, the March 12 request for deposition dates does not appear unreasonable under the circumstances.  Professional courtesy in scheduling depositions cuts both ways.

Lastly, although Plaintiff does not challenge the service of the notice, it is clear such notice was not filed with the Court's electronic-filing system but was served on Plaintiff's counsel via email.  *See* Docket No. 25, Ex. 2.  Nowhere does Amazon's motion make clear, however, that Plaintiff gave written consent to receive service by such electronic means in

compliance with Fed. R. Civ. P. 5(a)(1)(E).  As such, it is unclear to the undersigned Magistrate Judge whether the Plaintiff's deposition notice was in fact properly served.

In sum, neither party engaged in discovery in this matter in a manner required under the rules and dictated by professional courtesy and customary practice before this Court. All parties are expected to cooperate in discovery, including the scheduling of depositions at agreeable times within scheduled deadlines, and to seek Court intervention only after a fulsome and meaningful meet and confer is unable to resolve the disagreement. Nonetheless, the undersigned Magistrate Judge is mindful of the admonition in Fed. R. Civ. P. 1 that the rules are to be construed in such a manner "to secure the just, speedy, and inexpensive determination" of actions, as well as that the rules "were designed to make pretrial and discovery uniform across the country and to prevent 'trial by ambush'." *Smith v. Ford Motor Co.*, 626 F.2d 784, 797 (10th Cir. 1980).  *See also Hancock v. Greystar Management Serv., L.P.*, 2016 WL 2889048, at *1 (W.D. Okla. May 17, 2016) (the goal of the federal discovery rules is to prevent a trial by ambush and to ensure that the parties engage in an open and honest exchange of all relevant evidence); *McKinney v. Reassure Am. Life Ins. Co.*, 2006 WL 3228791, at *2 (E.D. Okla. Nov. 2, 2006).  Therefore, Amazon's motion is granted to the extent Plaintiff is compelled to make herself available for deposition on a mutually agreeable date within twenty-one days of the date of this order, but no other discovery may be conducted outside of the discovery deadline without leave of court.

Finally, though the Court may impose any of the sanctions listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi), it "must require the party failing to act . . . to pay the reasonable

expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Considering the failure of both parties to fully fulfill their discovery obligations, the undersigned Magistrate Judge finds any award of fees and expenses under the circumstances would be unjust and declines to do so.

## CONCLUSION

Accordingly, for the reasons set forth herein, Defendant Amazon Logistics, Inc.'s Motion to Compel Plaintiff to Present for Deposition [Docket No. 25] is hereby GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 16th day of April 2026.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**